```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF PUERTO RICO

 ANTHONY PHILLIPS,

      Plaintiff,

           v.
                                    Civil No. 20-1635 (FAB)
 WILLIS RE INC.,

      Defendant.
```

### MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is plaintiff Anthony Phillips ("Phillips")'s motion for a temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65. (Docket No. 2.) For the reasons set forth below, Phillips' motion for injunctive relief is **DENIED**.

### I.  Background

This litigation constitutes an attempt to circumvent a non-solicitation clause. Phillips is a reinsurance broker and consultant. (Docket No. 1 at p. 2.) For the past 25 years, he performed risk assessment and investment services on behalf of defendant Willis Re, Inc. ("Willis Re"), a reinsurance brokerage firm (hereinafter, "firm"). Id.

In 2008, the parties entered into the Restated Employment Agreement (hereinafter, "2008 agreement"). (Docket No. 2, Ex. 2.) This contract contains an "Employee Loyalty, Non-competition and

Non-solicitation" clause. Id. For "valuable consideration," Phillips agreed that:

> for a period of **two years** following termination of [his] employment with [Willis Re], [Phillips] shall not . . . directly or indirectly solicit, accept, or perform, other than on [Willis Re's] behalf, treaty reinsurance brokerage business, facultative reinsurance brokerage business . . . or other business performed by [Willis Re] from or with respect to (i) clients of [Willis Re] with whom [Phillips] had business contact or provided services to, either alone or with others, while employed by either [Willis Re] or any affiliate of [Willis Re].

Id. at p. 3 (emphasis added). The "law of the state in which [Phillips] is assigned a regular office by [Willis Re]" governs the 2008 agreement. Id. at p. 4.

On November 11, 2020, Phillips resigned from Willis Re to pursue "a position with Guy Carpenter and Company, LLC," a rival reinsurance firm. (Docket No. 1 at p. 6.) Phillips anticipates that Willis Re clients will continue to "need and request his expertise in ongoing matters." Id. at p. 6.

The day after resigning from Willis Re, Phillips commenced this action. (Docket No. 1.) He requests that the Court invalidate the 2008 agreement. Id. at p. 8. Phillips also filed a motion for injunctive relief to preclude Willis Re from enforcing the non-solicitation clause. (Docket No. 2.) According to Phillips, this restrictive covenant prohibits the "free[] practice

of his occupation." Id. at p. 14.[1] Willis Re responded to the TRO motion. (Docket No. 12.)

## II. Legal Standard

A temporary restraining order "is a provisional remedy imposed to maintain the status quo until a full review of the facts and legal arguments is available." Pro-Choice Network v. Schenck, 67 F.3d 377, 389-99 (2d Cir. 1995). To determine whether preliminary injunctive relief is warranted, the Court considers: (1) the likelihood that the movant will succeed on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant equities (*i.e.*, the hardship that will befall Willis Re if the TRO issues contrasted with the hardship that will befall Phillips if the TRO does not issue); and (4) the effect of the Court's ruling on the public interest. Planned Parenthood League v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1992).[2]

The First Circuit Court of Appeals has "made it luminously clear that likelihood of success is the '*sine quo non*' of the

---

[1] The 2008 agreement sets forth a mandatory arbitration provision. (Docket No. 2, Ex. 2 at p. 4.) This provision provides that "[e]xcept for a claim beginning with a request for injunctive relief brought by Employer or Employee, Employer and Employee agree that any dispute arising either under the Agreement or from the employment relationship shall be resolved by arbitration." Id. Because the complaint requests declaratory and injunctive relief, the mandatory arbitration provision is inapplicable. (Docket No. 1 at p. 8.)

[2] Although Planned Parenthood League v. Bellotti concerned a preliminary injunction, courts employ the "same four-factor analysis" to "determine whether to issue a temporary restraining order." OfficeMax Inc. v. County Quick Print, Inc., 709 F. Supp. 2d 100, 106 (D. Me. 2010) (citation omitted).

preliminary injunction inquiry." Akebia Therapeutics, Inc. v. Azar, 976 F.3d 86 (1st Cir. 2020). "In the ordinary course, plaintiffs who are unable to convince the trial court that they will probably succeed on the merits will not obtain interim injunctive relief." Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993) (citation omitted). The Court need not evaluate irreparable harm, equitable factors, or public interest considerations if the movant fails to establish a likelihood of success. See, e.g., Nasar Jewelers, Inc. v. City of Concord, 513 F.3d 27, 37 (1st Cir. 2008) ("Since [the plaintiff] has no probability of success on the merits of its claim, we need not address the other factors in the preliminary injunction determination.").

Injunctive relief is "a matter for the discretion of the district court and is reversible, of course, only for an abuse of discretion." Bellotti, 641 F.2d at 1009. Temporary restraining orders "must be used sparingly and only in cases where the need for extraordinary equitable relief is clear and plain." Northwest Bypass Grp. v. United States Army Corps. of Eng'rs, 453 F. Supp. 2d 333, 338 (D.N.H. 2006) (internal citation and quotation omitted). Phillips shoulders the burden of establishing that an injunction is justified. Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 18 (1st Cir. 1996).

## III. Discussion

Resolution of the TRO motion is contingent on the choice-of-law provision in the 2008 agreement. Phillips argues that Puerto Rico law is applicable. (Docket No. 2.) Willis Re maintains, however, that the non-solicitation clause is governed by Florida law. (Docket No. 12.) The two-year restrictive covenant is void pursuant to the former, but not the later.

### A. Puerto Rico and Florida Set Forth Divergent Standards for the Duration of Restrictive Covenants

In Arthur Young & Co. v. Vega, the Puerto Rico Supreme Court addressed a restrictive covenant similar to the non-solicitation clause in the 2008 agreement. 136 D.P.R. 136, 1994 PR Sup. LEXIS 268 (1994) (official translation). An employment contract prohibited an accountant from soliciting his employer's clients "for a period of two years after" termination. Id.[3] The accountant resigned, immediately "opened his own office," and solicited his former firm's clients. Id. Pursuant to Puerto Rico law, "noncompetition agreements, as a general rule, are valid." Id. The Vega court held, however, that the two-year timeframe of the restrictive covenant was "excessive," "needlessly harmed [the accountant's] right to employment," and contravened public policy.

---

[3] "The official translations of many Puerto Rico Supreme Court cases cited . . . do not contain internal page numbers. Accordingly, we cannot include pinpoint citation reference for those cases." Citibank Global Markets, Inc. v. Rodríguez-Santana, 573 F.3d 17 (1st Cir. 2009).

Id.  Because these defects permeated the non-solicitation clause, the Puerto Rico Supreme Court declared the provision null and void *in toto*.  Id.  Consequently, the two-year non-solicitation clause in this case is invalid in Puerto Rico pursuant to the Vega decision.

In contrast to Puerto Rico jurisprudence, Florida courts have upheld two-year non-solicitation agreements pursuant to the law of that jurisdiction.  See Imraan v. First Coast Cardiovascular Inst., P.A., 252 So. 3d 287, 292 (Fla. Dist. Ct. App. 2018) (affirming the issuance of a TRO to enforce a two-year non-solicitation provision); Modern Enter. Solutions v. Deangelis, Case No. 14-7300, 2016 Fla. Cir. LEXIS 10057 at *2 (Fla. Cir. Ct. July 15, 2016) ("Plaintiff is entitled to a two year injunction prohibiting [its former employee] from soliciting Restricted Customers . . . pursuant to the terms of the Agreement and applicable Florida law.").  Moreover, Florida law specifically provides that "a court shall presume reasonable in time any restraint 6 months or less in duration and shall presume unreasonable any restraint more than 2 years in duration."  Fla. Stat. Ann. tit. 33, § 542.335(d)(1).  Accordingly, the two-year non-solicitation clause adopted by Willis Re and Phillips is presumptively valid pursuant to Florida law.

**B. The Non-Solicitation Clause is Subject to Florida Law**

Phillips' motion for injunctive relief is doomed because success on the merits is doubtful. The choice-of-law provision in the 2008 agreement is based on the jurisdiction where Phillips' "regular office" is located. (Docket No. 2, Ex. 2 at p. 4.) Willis Re assigned Phillips an office in Miami, Florida. (Docket No. 2, Ex. 1 at p. 1.) He avers that the firm subsequently "shifted to a 'hotel office' plan." Id. Pursuant to this plan, "employees are not assigned regular individual offices but rather may select any workspace at any of the Willis Re's facilities on any given day." Id. Phillips allegedly relocated to Puerto Rico on February 3, 2019. (Docket No. 1 at p. 4.) That Phillips is the British Honorary Counsel for Puerto Rico and the Virgin Islands, purportedly "declare[s] and pay[s] taxes in Puerto Rico," and frequently traveled to Puerto Rico in 2018 is relevant, but not dispositive. Id. To interpret the choice-of-law provision according to the location of Phillip's residence would permit him to modify the 2008 agreement unilaterally. He received substantial consideration to accept this provision, however, granting Willis Re the authority to "assign" him a regular office. (Docket No. 2, Ex. 2 at p. 4.) This location is the decisive consideration in the Court's analysis.

The record is replete with evidence demonstrating that Phillips' office is located in Florida, not Puerto Rico. Phillips

signed the 2008 agreement, listing a Florida residence as his address. (Docket No. 2, Ex. 2 at p. 5.) According to Willis Re, "every [employee], including Phillips, is assigned a single office location." (Docket No. 12 at p. 7.) During Phillips' tenure at Willis Re, the firm assigned him to the Miami office. Id. Willis Re does not have an office in Puerto Rico. Id. at p. 2.

Additionally, human resource records indicate that Phillips resides in Florida. Id. at p. 9. Phillips possessed the ability to change his address using human resource software: He did not. Id. Despite his purported relocation to Puerto Rico, the signature block in his e-mail correspondence contains the address for the Willis Re office in Miami. Id. at p. 8. Phillips' information on LinkedIn, a professional networking platform, states that he resides and works in Miami. Id. at p. 9.

Public records from the Miami-Dade County Property Appraiser state that Phillips owns residential real estate in Florida. Id. For the past three years, the owner of this property claimed a homestead tax exemption. Id. To invoke this exemption, the taxpayer must "[make] the property his or her permanent residence or the permanent residence of another or other legally or naturally dependent upon him or her." Fla. Stat. Ann. tit. 14, § 196.031. Although Phillips claims that he paid Puerto Rico taxes, he failed to request that Willis Re withhold funds for the Puerto Rico Income Tax as required by law. (Docket No. 12 at p. 15.) Willis Re

mailed Phillips' Federal 2019 W-2 tax form to his Florida residence.  Id.

Ample evidence establishes that the location of Phillips' "regular office" is Miami; thus, Florida law is applicable.  The two-year duration of the non-solicitation clause is consistent with Florida law and appurtenant precedent.  Accordingly, Phillips has failed to demonstrate a likelihood of success on the merits.  The motion for a temporary restraining order is **DENIED**.

**IV.  Conclusion**

For the reasons set forth above, the Court **DENIES** Phillips' motion for a temporary restraining order.  (Docket No. 2)

Phillips is allowed until December 2, 2020 to respond to Willis Re's motions to dismiss (docket nos. 9 and 13), and to reply to Willis Re's opposition to Phillips' motion for preliminary injunction (docket no. 12).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 18, 2020.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE
